LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
lunsfordp001@hawaii.rr.com
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRYCE MACNAUGHTON | ) | CIVIL NO. |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S COMPLAINT; |
| vs. | ) | SUMMONS |
| | ) | |
| GUCCI AMERICA, INC. | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff BRYCE MACNAUGHTON, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and has pendant jurisdiction over the parallel state law claim.

2. All events material hereto occurred within the District of Hawaii.

3. Plaintiff was and is a person with a disability being substantially limited in his mobility due to orthopaedic problems making him susceptible to falling without warning. Plaintiff has additional physical and non-physical conditions that qualify him as disabled under federal and state law.

4. Defendant GUCCI AMERICA, INC. does business in Hawaii under the trade name of "Gucci," engaged in the retail sale of luxury merchandise. Defendant is a public accommodation, operating a place of public accommodation, namely a sales store in the T Galleria shopping mall on Kalakaua Ave. in Waikiki.

5. On December 29, 2014, Plaintiff was shopping the post-Christmas sales at the shopping mall. He was accompanied by his service animal, a dog trained to assist him when he has fallen.

6. On that date Plaintiff and his service animal entered the Defendant's store. They began climbing the stairs to the second level of the store where the merchandise that interested him was located.

7. Plaintiff was quickly accosted by an employee of the Defendant's store, believed to be Ken Vu, the store manager. In a loud and threatening voice this employee insisted Plaintiff leave the store immediately.

8. Plaintiff explained quietly that his dog was a service animal. Attempting to avoid just this kind of confrontation, Plaintiff had ensured his service animal wore a special vest designed for and marked as being for service animals.

9. Defendant's employee would not relent, insisting Plaintiff leave the store immediately. His disruptve behaviour apparently attracted the

notice of other customers because Plaintiff saw that he had become the center of the other customers' attention.

10. Plaintiff was embarrassed to be ejected from the store in such a publically humiliating fashion.

11. Plaintiff was angry that Defendant's employee was so uninformed and untrained about service animal law. Plaintiff was also angry that the Defendant's employee was unwilling to accept the information about that law and his animal offered by Plaintiff, a refusal that resulted in Defendant's alleged discrimination.

12. When ordered to leave the store, Plaintiff complied without worsening the scene that the Defendant's employee had caused.

13. On December 29, 2014, Plaintiff alleges the Defendant denied him the full and equal enjoyment of its goods, services and facilities by denying him a reasonable accommodation to the "no animals allowed" policy the Defendant obviously permitted this store to follow.

14. In so doing the Defendant violated 42 U.S.C. § 12182(a) and Hawaii Revised Statutes §§ 489-3 and 489-5.

15. To remedy Defendant's violations of these fundamental civil rights laws Plaintiff requests equitable relief in the form of effective, immediate and continuing training of Defendant's employees at all of its retail locations in the District of Hawaii on the applicable civil rights laws.

16. To compensate Plaintiff for the Defendant's unlawful deprivation of his civil rights and the consequential non-physical injuries to him proximately caused by the Defendant's employee, Plaintiff requests

the full compensatory damages provided for by Hawaii Revised Statute § 489-7.5.

17. Plaintiff has exhausted his administrative relief by timely filing a charge of public accommodation discrimination, PA-0-0815, with the Hawaii Civil Rights Commission, and receiving his Right-To-Sue notice.

18. This lawsuit is now timely filed.

DATED: Honolulu, Hawaii, 10/10/15.

/s/  LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff